UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DEANGELO A. JACKSON,

       Plaintiff,

                                       Civil Action 2:13-cv-239
    v.                                Judge Judge C. Smith
                                       Magistrate Judge Elizabeth P. Deavers

RICHARD A. FRYE, *et al.,*

       Defendants.

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the Court for consideration of Plaintiff's Motion for Leave to

Proceed *In Forma Pauperis*.  (ECF No. 1.)  This matter is also before the Court for an initial

screen pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  For the reasons that follow, Plaintiff's

Motion for Leave to Proceed *In Forma Pauperis* is **GRANTED**.  It is **RECOMMENDED** that

Plaintiff's Complaint be **DISMISSED** for failure to state a claim.

**I.**

Plaintiff's allegations are difficult to decipher.  He appears to allege that he was arrested

on July 2, 2009 pursuant to a pro forma complaint filed in state court.  (Compl. 5, ECF No. 1-2.)

He was later indicted on an offense not listed in the pro forma complaint.  The indictment

reflected that Plaintiff allegedly committed the subject offense in June 2009.  The pro forma

complaint, however, alleged that Plaintiff committed the offense in July 2009.  *Id.*

Plaintiff goes on to allege that the state court judge unlawfully used the indictment as a

jurisdictional document, thereby denying him his right to due process.  *Id.*  He alleges that the

judge had no authority to hear any case in which he was a defendant.  He further alleges that

Defendants Hunt and Jakubow fraudulently represented the State of Ohio, giving Plaintiff the impression that he faced lawful state action.  Defendants Kaiser and O'Boyle, his apparent lawyers in the criminal proceedings, allegedly conspired with the other Defendants to deprive him of his civil rights when they failed to object to the fact that the State of Ohio lacked the authority to prosecute him.

## II.

The Court **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis*.  (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff's trust account statement reveals that he currently possesses insufficient funds to pay the full filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account (Number A647280) of the Chillicothe Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2).  *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court.  The checks should be sent to:

Prisoner Accounts Receivable

2

260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Plaintiff and the prison cashier's office.  The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

The Clerk of Court is **DIRECTED** to mail a courtesy copy of the Complaint and a copy of this Order to the Ohio Attorney General's Office, 30 East Broad Street, 14th Floor, Columbus, Ohio 43215.

### III.

Having conducted an initial screen pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Undersigned recommends dismissal of Plaintiff's Complaint for failure to state a claim. Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the

---

[1]Formerly 28 U.S.C. § 1915(d).

statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> >     \*          \*          \*
>
> > (B) the action or appeal--
>
> > > (i) is frivolous or malicious;
>
> > > (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.  *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual

4

matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## IV.

Presumably, although not clear from his Complaint, Plaintiff is attempting to assert a civil rights claim under 42 U.S.C. § 1983. Plaintiff has failed to state a claim that is cognizable under § 1983. Plaintiff alleges that the trial court that convicted him lacked jurisdiction to do so, and that his guilty plea was not knowingly and voluntarily given. (Compl. 5, ECF No. 1-2.) Plaintiff also alleges that the prosecutors who prosecuted him lacked lawful authority to do so, and that his counsel conspired with the other Defendants to pursue the unlawful prosecution and conviction. *Id.* Each of these claims, if successful, would call into question the fact or duration of Plaintiff's confinement, and thus cannot serve as the basis of a § 1983 claim. *Presider v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that where a state prisoner challenges the fact or

duration of confinement his sole federal remedy is a petition for writ of habeas corpus).

Moreover, the Undersigned declines to construe Plaintiff's civil rights Complaint as a habeas

corpus petition.  It is clear from the Complaint that Plaintiff did not intend to lodge it as a habeas

corpus petition.  For example, Plaintiff did not allege that he exhausted state law remedies.  *See*

*Johnson v. Thivierge*, No. 11-10652, 2011 WL 6955728, * 3 (E.D. Mich. Dec. 16, 2011) ("The

court declines to construe Johnson's complaint as seeking habeas corpus relief because his

complaint does not allege exhaustion of available state remedies.").  Moreover, as one form of

relief Plaintiff seeks compensatory and punitive damages.  Thus, Plaintiff's Complaint is

properly construed as just that; a civil complaint.

 Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's Complaint be

**DISMISSED** for failure to state a claim.

## V.

 For the reasons set forth herein,  Plaintiff's Motion for Leave to Proceed *In Forma*

*Pauperis* is **GRANTED**.  (ECF No. 1.)  It is **RECOMMENDED** that Plaintiff's Complaint be

**DISMISSED** for failure to state a claim.

## VI.

 If any party seeks review by the District Judge of this Report and Recommendation, that

party may, within fourteen (14) days, file and serve on all parties objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy.

Fed. R. Civ. P. 72(b).

 The parties are specifically advised that the failure to object to the Report and

Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

      **IT IS SO ORDERED.**

Date: May 9, 2013                      _____ /s/ *Elizabeth A. Preston Deavers* _____
                                          Elizabeth A. Preston Deavers
                                          United States Magistrate Judge